IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TXAI TAY HER,

    Petitioner,

v.                                             Civ No. 20-cv-108 KG-GJF
                                              CR No. 17-cr-2903 KG

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Txai Tay Her's *pro se* Petition for Sentence Reduction Pursuant to *United States v. Davis* (Petition) (Doc. 106).[1] Petitioner is a federal prisoner and proceeding *pro se.* He asks the Court to vacate his 60-month sentence for carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)).[2] Having reviewed the Petition *sua sponte,* the Court finds relief is unavailable under *Davis*. Petitioner may withdraw or amend the pleading before it is recharacterized as his "first" 28 U.S.C. § 2255 action.

I.     Background

In 2017, U.S. Border Patrol agents discovered Petitioner riding in a vehicle with 82 pounds of marijuana and several firearms. (Doc. 1) at 3. He pled guilty to the following charges pursuant to a Plea Agreement:

---

[1] Unless otherwise noted, all docket references are to the criminal case, 17-cr-2903 KG.

[2] The Petition states the Court imposed a 63-month sentence for the Section 924(c) conviction. (Doc. 106) at 1. However, the Judgment reflects the Court actually imposed a 60-month term under that statute. (Doc. 100) at 2, 3. The 63-month term was imposed as to the felon-in-possession charge, 11 U.S.C. § 922(g)(1). *Id.* The Court assumes Petitioner transposed the two charges and will use the sentence set forth in the Judgment.

(Count 1): Conspiracy to possess with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846;

(Count 2): Possession with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2;

(Count 3): Using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and

(Count 4): Being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 84) at 2.

The Court accepted the plea and sentenced Petitioner to 60 months imprisonment on Counts 1 through 3 and 63 months imprisonment on Count 4. (Doc. 100) at 3. The 60-month terms imposed on Counts 1 and 2 ran concurrently, and all other terms ran consecutively. *Id.* Hence, the total sentence was 123 months imprisonment. *Id.* The Court entered Judgment on the conviction on October 15, 2018. *Id.* Petitioner did not appeal, in accordance with his waiver of rights under the Plea Agreement. (Doc. 84) at 9-10.

On February 5, 2020, Petitioner file the instant Petition. (Doc. 106). He seeks relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). Because *Davis* invalidated the Residual Clause of 18 U.S.C. § 924(c), Petitioner asks the Court to vacate the 60-month sentence on Count 3.

II. Discussion

The Petition is styled as a request for a sentence reduction. However, the proper vehicle for challenging a conviction based on new Supreme Court law is a habeas corpus petition under 28 U.S.C. § 2255. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.

2

1997) (A habeas … proceeding "attacks the … duration of a prisoner's confinement"); *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence… is … 28 U.S.C. § 2255"). The Supreme Court established a special procedure for situations where, as here, the petitioner challenges his sentence without invoking the habeas statute. *See Castro v. United States,* 540 U.S. 375, 382 (2003). Before "recharacteriz[ing] a *pro se* litigant's motion as a request for relief under [Section] 2255," the Court must "warn[] [him] about the consequences of the recharacterization." *Id.* Recharacterization will mean that Petitioner is using his "first" Section 2255 habeas motion, and "any subsequent [Section] 2255 motions will be subject to the restrictions on 'second or successive' filings." *Id.* at 383. Said differently, if Petitioner wishes to prosecute his *Davis* claim now, he must obtain permission from the Tenth Circuit before filing any later habeas claims. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

When weighing his options, Petitioner is further advised that he cannot obtain *Davis* relief. *Davis* pertains to 18 U.S.C. § 924(c)(3)(B). That section, known as the Residual Clause, criminalizes the use of a firearm in connection with any "crime of violence … involv[ing] a substantial risk of physical force." *Davis* found this definition of "crime of violence" to be unconstitutionally vague. 139 S. Ct. at 2326. The Supreme Court reasoned that the definition required judges to "estimat[e] the degree of risk posed by a crime's imagined 'ordinary case,'" which produces inconsistent results. *Id.* In this case, Petitioner was not convicted of using a firearm during a crime of violence. He used a firearm during a drug trafficking crime in violation of Section 924(c)(1)(A). Therefore, *Davis* has no impact on Petitioner's conviction or sentence. *See United States v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished

3

order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence."); *U.S.* v. *Nietfeld*, 2019 WL 7116089, at *2 (D. Kan. Dec. 23, 2019) (*Davis* has no impact on "possession of a firearm in furtherance of a drug trafficking crime."); *Reyes v. United States*, 2019 WL 5265293, at *2 (D. Utah Oct. 17, 2019) (same); *United States v. Becerra-Molina,* 2019 WL 4144314, at *2 (N.D. Okla. Aug. 30, 2019) (same).

Consistent with *Castro v. United States*, the Court will provide Petitioner "an opportunity to withdraw the [Petition]" so that it will not count as his first Section 2255 filing. 540 U.S. at 376. Petitioner may also "amend [the Petition] so that it contains all the [Section] 2255 claims he believes he has." *Id.* If Petitioner elects to amend the Petition, he is advised that it will likely be time-barred. Section 2255 claims must ordinarily be filed within one year after the Judgment becomes final (here, October 30, 2018), unless equitable tolling applies. *See* 28 U.S.C. § 2255(f). If Petitioner takes no action at all, the Court will dismiss the Petition on the merits without further notice.

IT IS ORDERED:

1. Within thirty (30) days of entry of this Order, Petitioner may withdraw his Petition for Sentence Reduction Pursuant to *United States v. Davis* (Doc. 106) or, alternatively, file an amended 28 U.S.C. § 2255 habeas corpus petition.

2. If Petitioner declines to withdraw or amend, the Court will dismiss the Petition on the merits.

_____
UNITED STATES DISTRICT JUDGE