IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TXAI TAY HER,

    Petitioner,

v.                                                                        Civ No. 20-cv-108 KG-GJF
                                                                         CR No. 17-cr-2903 KG

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Txai Tay Her's *pro se* Petition for Sentence Reduction Pursuant to *U.S. v. Davis* (Petition) (Doc. 106).[1] Petitioner is a federal prisoner and proceeding *pro se*. He asks the Court to vacate his 60-month sentence for carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)).[2] The Court previously notified Petitioner that it intended to recharacterize the Petition under 28 U.S.C. § 2255, and he declined to withdraw the pleading. Accordingly, the Court will dismiss his *Davis* claim under Section 2255 and Habeas Rule 4.

I.     Background

In 2017, U.S. Border Patrol agents discovered Petitioner riding in a vehicle with 82 pounds of marijuana and several firearms. (Doc. 1) at 3. He pled guilty to the following charges pursuant to a Plea Agreement:

---

[1] Unless otherwise noted, all docket references are to the criminal case, 17-cr-2903 KG.

[2] The Petition states the Court imposed a 63-month sentence for the Section 924(c) conviction. (Doc. 106) at 1. However, the Judgment reflects the Court actually imposed a 60-month term under that statute. (Doc. 100) at 2, 3. The 63-month term was imposed as to the felon-in-possession charge, 11 U.S.C. § 922(g)(1). *Id.* The Court assumes Petitioner transposed the two charges and will use the sentence set forth in the Judgment.

(Count 1): Conspiracy to possess with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846;

(Count 2): Possession with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2;

(Count 3): Using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and

(Count 4): Being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)

(Doc. 84) at 2.

The Court accepted the plea and sentenced Petitioner to 60 months imprisonment on Counts 1 through 3 and 63 months imprisonment on Count 4. (Doc. 100) at 3. The 60-month terms imposed on Counts 1 and 2 ran concurrently, and all other terms ran consecutively. *Id.* Hence, the total sentence was 123 months imprisonment. *Id.* The Court entered Judgment on the conviction on October 15, 2018. *Id.* Petitioner did not appeal, in accordance with his waiver of rights under the Plea Agreement. (Doc. 84) at 9-10. The Judgment became final on October 30, 2018, the first business day following expiration of the 14-day appeal period. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (addressing finality of criminal judgments).

On February 5, 2020, Petitioner file the instant Petition. (Doc. 106). He seeks relief under *U.S. v. Davis*, 139 S. Ct. 2319 (2019). Because *Davis* invalidated the Residual Clause of 18 U.S.C. § 924(c), Petitioner asks the Court to vacate the 60-month sentence on Count 3. By a Memorandum Opinion and Order entered February 13, 2020, the Court notified Petitioner that it intended to recharacterize the Petition as his "first" Section 2255 proceeding. (Doc. 3). The

Court explained the consequences of recharacterization.  *Id.* at 3.  Petitioner was also permitted to withdraw the Petition or amend it to include all Section 2255 claims he believes he has.  *Id.* at 4.  The Court warned that "[i]f Petitioner takes no action at all, the Court will dismiss the Petition on the merits without further notice."  *Id.*

The deadline to withdraw or amend the Petition was March 14, 2020.  Petitioner did not respond to the Memorandum Opinion and Order.  Hence, the Court will construe the Petition under Section 2255 and address his *Davis* claim on the merits.

II.     Discussion

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255.  Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer…."  *Id.*

Petition seeks relief under *Davis,* which addressed the constitutionality of 18 U.S.C. § 924(c)(3)(B).  That section, known as the Residual Clause, criminalizes the use of a firearm in connection with any "crime of violence … involv[ing] a substantial risk of physical force."  *Davis* found this definition of "crime of violence" to be unconstitutionally vague.  139 S. Ct. at 2326.  The Supreme Court reasoned that the definition required judges to "estimate[e] of the degree of risk posed by a crime's imagined 'ordinary case," which produces inconsistent results.  *Id.*  In this case, Petitioner was not convicted of using a firearm during a crime of violence.  He used a firearm during a drug trafficking crime in violation of Section 924(c)(1)(A).  Therefore, *Davis* has no impact on Petitioner's conviction or sentence, and he is plainly not entitled to relief

3

under Section 2255.³ *See U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence"); *U.S.* v. *Nietfeld*, 2019 WL 7116089, at *2 (D. Kan. Dec. 23, 2019) (*Davis* has no impact on "possession of a firearm in furtherance of a drug trafficking crime"); *Reyes v. U.S.*, 2019 WL 5265293, at *2 (D. Utah Oct. 17, 2019) (same); *United States v. Becerra-Molina,* 2019 WL 4144314, at *2 (N.D. Okla. Aug. 30, 2019) (same).

For this reason, the Court will dismiss the Petition (Doc. 106) with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the *Davis* ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1. Txai Tay Her's Petition for Sentence Reduction Pursuant to *U.S. v. Davis* (CR Doc. 106, CV Doc. 1), which is construed as his "first" Section 2255 motion, is dismissed with prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

---

³ The Court notes that even if Petitioner raised other arguments aside from *Davis* - which he did not - Section 2255 would still provide no relief. The *Davis* claim is timely because it was filed within one year of a new Supreme Court ruling, *see* 28 U.S.C. § 2255(f)(3), but any other claims would be time-barred. Section 2255 claims must generally be filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2255(f). The Judgment here became final in 2018, and Petitioner did not file his Petition until 2020. (Docs. 100, 106).