IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TXAI TAY HER,

    Petitioner,

v.                                                                       Civ No. 20-cv-108 KG-GJF
                                                                   CR No. 17-cr-2903 KG

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Txai Tay Her's Motions to Withdraw *Davis* Claim (CV Docs. 6, 7). Petitioner is a federal prisoner and proceeding *pro se*. He asks the Court to alter the ruling dismissing his "first" 28 U.S.C. § 2255 habeas proceeding on the merits. In that proceeding, Petitioner sought to vacate his 60-month sentence for carrying a firearm in relation to a drug trafficking crime. (CV Doc. 1). He argued the sentence was invalid based on *United States v. Davis*, 139 S. Ct. 2319 (2019). Petitioner did not originally invoke Section 2255. Accordingly, the Court allowed him to withdraw the claims before it construed the filing as his "first" habeas proceeding and issued a merits ruling. (CV Doc. 3); *see also Castro v. United States,* 540 U.S. 375, 382 (2003). The deadline to withdraw the claims was March 16, 2020. *Id.* at 4. The ruling warned that "[i]f Petitioner takes no action at all, the Court will dismiss the Petition on the merits without further notice." *Id.*

Petitioner did not withdraw his claims or respond to the Order. On April 1, 2020, the Court dismissed the Section 2255 claim on the merits. (CV Docs. 4, 5) (together, the "Habeas Ruling"). The Habeas Ruling explained that *Davis* only provides relief where the defendant uses a firearm during a crime of violence. (CV Doc. 4) at 3. Petitioner used a firearm during a drug

trafficking crime and therefore could not be resentenced. *See United States v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence").

On April 13, 2020, Petitioner filed the initial motion to withdraw the *Davis* claim. (CV Doc. 6). He acknowledges missing the original March 16, 2020, withdrawal deadline. However, he contends he was unable to visit the law library due to a COVID-19 lockdown. *Id.* at 1. Petitioner filed a second motion to withdraw three days later. (CV Doc. 7). He elaborates that he does not want the earlier filing to count as his "first" Section 2255 proceeding because he is working on a second Section 2255 motion. *Id.* at 1. On April 20, 2020, Petitioner filed that motion. (CR Doc. 110). The second Section 2255 motion alleges counsel should have challenged the firearm sentence based on another Supreme Court case: *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

The Court discerns Petitioner seeks to alter the Habeas Ruling so that his original filing is dismissed without prejudice. That way, the new Section 2255 motion would not be subject to the restrictions on successive habeas claims. A request to alter a judgment within 30 days after entry is construed as a motion to reconsider under Fed. R. Civ. P. 59(e).[1] Grounds for reconsideration include: (1) an intervening change in controlling law, (2) newly-discovered evidence, or (3) the need to correct a clear error or manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). None of these circumstances exist here. Petitioner merely seeks to alter the Habeas Ruling so that he can test an alterative theory for relief

---

[1] The Federal Rules of Civil Procedure apply in habeas proceedings, to the extent they do not conflict with the Habeas Corpus Rules. *See* Habeas Corpus Rule 12 ("Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a [habeas] proceeding.")

"that could have been raised prior to the entry of judgment." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). This is not a permissible use of Rule 59. *Id.*

Petitioner also failed to establish a "manifest injustice" stemming from any COVID-19 delays. The motions allege he lacked access to the law library, but he does not specify what research, if any, he needed to perform. The original opinion explained Petitioner's options very clearly. The Court stated: "if Petitioner wishes to prosecute his *Davis* claim now, he must obtain permission from the Tenth Circuit before filing any later habeas claims." (Doc. 3). The Court then explained *Davis*' holding, and how it might apply to Petitioner's claims. *Id.* at 3-4. When he failed to withdraw his filing by March 16, 2020, the Court waited 16 additional days before dismissing the proceeding. Petitioner also managed to file three submissions within the past week, when nationwide lockdown measures are more severe than before. On this record, the Court declines to alter the Habeas Ruling. Hence, the motions to withdraw (CV Docs. 6, 7) will be denied. The Court will enter a separate ruling addressing Petitioner's new Section 2255 motion (CR Doc. 110).

IT IS ORDERED that Txai Tay Her's Motions to Withdraw *Davis* Claim (CV Docs. 6, 7), which are construed as motions to reconsider, are denied.

_____
UNITED STATES DISTRICT JUDGE

3